IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

UNITED STATES OF AMERICA

                                   Criminal Action No.

v.                                  5:12-CR- 10

SALVADOR HERNANDEZ,             PLEA AGREEMENT

        Defendant.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

RICHARD S. HARTUNIAN, United States Attorney for the Northern District of New York (by Richard R. Southwick, appearing), and SALVADOR HERNANDEZ (with George F. Hildebrandt, Esq., appearing) hereby enter into the following Plea Agreement regarding the disposition of certain criminal charges against the Defendant:

1.    **Defendant's Promises.**   In return for the consideration described below, SALVADOR HERNANDEZ agrees as follows:

    a.    The Defendant will waive indictment and enter a plea of guilty to a one-count Information charging him with conspiracy to knowingly hire for employment at least 10 unauthorized aliens during a twelve month period, in violation of 8 U.S.C. § 1324 (a)(3) and 18 U.S.C. § 371.

2.    **Potential Penalties.** SALVADOR HERNANDEZ understands that his guilty plea to Count 1 of the Information will subject him to the following potential penalties:

    a.    Maximum terms of imprisonment: 5 years.

    b.    <u>Supervised Release</u>: In addition to imposing any other penalty, the sentencing Court may require the Defendant to serve a term of supervised release of up to 3 years to begin at the expiration of any term of imprisonment imposed upon him. (18 U.S.C. § 3583)  Should the Defendant be placed on a term of supervised release and subsequently violate any of the terms and conditions of that release before the expiration of such term, he may be sentenced to up to 2 years imprisonment in addition to any prison term previously imposed upon him and in addition to the statutory maximum term of imprisonment set forth above.  Under some circumstances, the Court may also extend the term of supervised release, and it may modify, reduce, or enlarge the conditions of such release.

    c.    <u>Maximum fine</u>: $250,000 (18 U.S.C. § 3571(b)(3)).

    d.    <u>Special Assessment</u>:  The Defendant will be required to pay an assessment of $100, which is due and payable at the time of sentencing.  (18 U.S.C. § 3013)  The Defendant agrees to deliver a check or money order to the Clerk of the Court in the amount of $100, payable to the U.S. District Court at the time of his sentencing.

    e.    <u>Interest and penalties</u>:  Interest and penalties may accrue, as a matter of law, on any unpaid financial obligation imposed as part of the Defendant's sentence, from as early as the date of sentencing.

    f.    <u>Collateral Consequences</u>: Conviction of a felony under this Agreement may result in the loss of certain civil rights, including, but not limited to, the right to vote or the right to possess firearms and may result in deportation or removal from the United States.

    3.    **Sentencing Factors.** SALVADOR HERNANDEZ understands that the sentence to be imposed upon him is within the discretion of the sentencing Court, subject to the statutory

maximum penalties and the provisions of the Sentencing Reform Act and the United States Sentencing Guidelines promulgated thereunder, as modified by *United States v. Booker*, 543 U.S. 220 (2005). While the Court is not ultimately bound to impose a sentence within the applicable Sentencing Guidelines range, it must take into account the Sentencing Guidelines, along with the other factors set forth in 18 U.S.C. § 3553(a).

4.     **Elements of the Offense.** SALVADOR HERNANDEZ understands the following legal elements of the offense stated in Count 1 of the Information, and admits that those elements accurately describe his criminal conduct:

   a.     Two or more persons entered into the unlawful conspiracy charged in the Information, which alleges a conspiracy to commit an offense against the United States;

   b.     Defendant knowingly and willfully became a member of the conspiracy;

   c.     One of the members of the conspiracy knowingly committed at least one of the overt acts charged in the Information; and

   d.     One or more of the overt acts were committed to further an objective of the Conspiracy.

5.     **Factual Basis for the Plea.** SALVADOR HERNANDEZ admits the following facts, which establish his guilt with respect to the offense stated in Count 1 of the Information:

   a.     The Defendant was employed in Belle Glade, Florida, by Sunrise Labor ("Sunrise Labor"), an agricultural labor company which provides workers to harvest and pack agricultural crops in the field. Defendant began his employment with Sunrise Labor in 2008 after

3

working for its predecessor companies since 2003. He was employed as a Sunrise Labor crew leader, hiring and supervising agricultural laborers, primarily in the harvesting of corn.

        b.        One of the defendant's responsibilities at Sunrise Labor was to hire laborers to staff his crew of about 35-40 workers, who operated and supported a corn packing machine. Salvador Hernandez recruited workers in the Belle Glade, Florida area where many agricultural laborers seek employment. Nearly all of these workers were Hispanic immigrants who typically did not speak English and readily moved from job to job, often without family members.

        c.        Each Sunrise Labor employee hired by SALVADOR HERNANDEZ was required to produce identification documents for purposes of employment eligibility verification. SALVADOR HERNANDEZ well knew that these workers were illegal aliens at the time he hired them.

        d.        Between August 2008 and August 2009, SALVADOR HERNANDEZ, having agreed to do the following, hired, among others, Sunrise workers L.L.,A.R., M.R., C.G., L.M., M.M., A.D., S.O., D.H. and A.H., all of whom were employed at a Sunrise Labor farm work site in Cayuga County, New York knowing that they were illegal aliens who had been brought to the United States illegally and were unauthorized for employment. In each case, SALVADOR HERNANDEZ signed U.S. Department of Homeland Security Employment Eligibility Verification Form I-9s attesting that he had examined their authorized identification documents and that to the best of his knowledge they were authorized to work in the United States, when in fact he well knew that they were illegal aliens who had been brought to the United States illegally and were unauthorized for employment

4

6.    **Use of Defendant's Admissions.**  The Defendant agrees that the statements made by him in signing this Agreement, including the factual admissions set forth above in paragraph 5, shall be admissible and useable against the Defendant by the United States in any subsequent criminal or civil proceeding, even if he fails to enter a guilty plea pursuant to this Agreement, or if such a guilty plea is later vacated or withdrawn. The Defendant waives any rights under Fed. R. Crim. P. 11(f) and Fed. R. Evid. 410, to the extent these rules are inconsistent with this paragraph or with this Agreement generally.

7.    **Collection of Financial Obligations.**  In order to facilitate the collection of financial obligations to be imposed in connection with this prosecution, the Defendant agrees fully to disclose all assets in which he has any interest or over which the Defendant exercises control, directly or indirectly, including those held by a spouse, nominee or other third party.

a.    The Defendant will promptly submit a completed financial statement to the U.S. Attorney's Office, in a form it provides and as it directs. The Defendant promises that his financial statement and disclosures will be complete, accurate and truthful.

b.    The Defendant expressly authorizes the U.S. Attorney's Office to obtain a credit report on him in order to evaluate the Defendant's ability to satisfy any financial obligation imposed by the Court.

8.    **Government's Promises and Reservation of Rights.**  In exchange for the plea of guilty to Count 1 of the Information by SALVADOR HERNANDEZ and his continuing compliance with all of the terms of this Plea Agreement, the United States Attorney's Office for the Northern District of New York agrees as follows:

5

        a.      It will bring no further federal criminal charges against the Defendant relating to the conduct in the Northern District of New York, committed before the date of this Agreement, which is described in the Information, and/or the Defendant's admissions in paragraph 5, above for so long as the guilty plea and sentence on Count 1 of the Information remain in effect.

        b.      If the guilty plea to Count 1 of the Information is later withdrawn or vacated, the charges not prosecuted pursuant to subparagraph 8a of this Agreement may be filed and prosecuted, notwithstanding the expiration of the statute of limitations between the signing of this Agreement and the filing of any such charges.  The Defendant waives any defense or objection to the filing and prosecution of any such charges that are not time-barred by the applicable statute of limitations as of the date of this Agreement.

        c.      This agreement does not prevent the government from either recommending a specific sentence within the applicable Guidelines range as determined by the Court or, if the government deems appropriate, recommending that the Court impose a sentence above that range.

        d.      The U.S. Attorney's Office reserves the right to advise the sentencing Court and the Probation Office of any information, in aggravation or mitigation of sentencing, whether or not encompassed within Count 1 of the Information.

    9.      **Stipulations.**  The U.S. Attorney's Office and SALVADOR HERNANDEZ agree to stipulate at sentencing to the statements set forth in subparagraph (a) below, subject to the caveats set forth in the subparagraphs following.

        a.      <u>Stipulations</u>

        i) The base offense level under U.S.S.G. §2L1.1(a)(3) is 12.

ii) The number of unlawful aliens involved in the offense is between 25-99. Accordingly, the offense level is increased by 6 levels.  U.S.S.G. § 2L1.1(b)(2)(B).

iii) The U.S. Attorney's Office will recommend a 2-level downward adjustment to the applicable Sentencing Guidelines range if, (A) through the time of sentencing, the Defendant clearly demonstrates "acceptance of responsibility" to the satisfaction of the Government for the offense, as defined in U.S.S.G. § 3E1.1(a); and (B) the Government does not learn of new evidence of conduct committed by the Defendant, either before or after his guilty plea, that constitutes "obstruction of justice," as defined in U.S.S.G. § 3C1.1.  If the Defendant clearly demonstrates "acceptance of responsibility" to the satisfaction of the Government and promptly enters a plea of guilty, thereby permitting the U.S. Attorney's Office to avoid preparing for trial and permitting the Government and the Court to allocate their resources efficiently, the U.S. Attorney's Office will move for an additional downward adjustment of 1 level, if the Defendant otherwise qualifies under U.S.S.G. § 3E1.1(b).

b.      Until the Probation Office has fully investigated the Defendant's criminal history, it is not possible to predict with certainty the Defendant's Criminal History Category and, in some cases, his total offense level.

c.      It is understood that these stipulations cannot and do not bind the sentencing Court, which may make independent factual findings by a preponderance of the evidence and may reject any or all stipulations between the parties.  The rejection of any or all stipulations by the Court will not be the basis for the withdrawal of a plea of guilty by the Defendant, and will not release either the U.S. Attorney's Office or the Defendant from any other portion of this Agreement, including any other stipulations agreed to herein.

7

d.     No stipulation in this Agreement shall affect the parties' respective obligations to ensure that, to the extent possible, the Court has all information pertinent to its determination of an appropriate sentence. The parties may provide any such factual information to the Probation Office and/or to the Court, without limitation, before or after the completion of the Presentence Investigation Report, and agree that the submission of such information shall not be deemed "advocacy" in violation of any stipulation in this Agreement.

e.     To the extent the stipulations above do not reflect agreement on any factor or issue potentially affecting the applicable advisory Sentencing Guidelines range, the Defendant and the U.S. Attorney's Office each expressly reserves the right to advocate if, and how, any such factor or issue would apply under the Sentencing Guidelines.

f.     The Defendant understands that any estimate of the Defendant's Sentencing Guidelines range provided before sentencing is preliminary and is not binding on the parties to this Agreement, the Probation Office, or the Court.

10.     **Remedies for Breach.**  Should the U.S. Attorney's Office determine that the Defendant, after the date of this Plea Agreement, (i) has committed any further crime or violated any condition of release or supervision imposed by the Court (whether or not charged); or (ii) has otherwise breached any condition of this Agreement, the U.S. Attorney's Office will have the right, in its sole discretion, to void this Agreement, in whole or in part. In the event of any such breach, the Defendant will not be permitted to withdraw his guilty plea under this Agreement, but will thereafter be subject to prosecution for any federal criminal violation of which the U.S. Attorney's Office has knowledge, including but not limited to charges that this Office has agreed to not to prosecute in subparagraph 8a of this Agreement.

8

a.     The Defendant waives any defense or objection to the commencement of any such prosecution that is not time-barred by the applicable statute of limitations as of the date of this Agreement, notwithstanding the expiration of the statute of limitations between the signing of this Agreement and the commencement of any such prosecution.

b.     Moreover, in connection with any such prosecution, any information, statement, or testimony provided by the Defendant, and all leads derived therefrom, may be used against him, without limitation. The Defendant waives any rights under Fed. R. Crim. P. 11(f) and Fed. R. Evid. 410, to the extent these rules are inconsistent with this paragraph or with this Agreement generally.

c.     In the event of any such breach by the Defendant, the U.S. Attorney's Office will have the right, in its sole discretion, to do the following, notwithstanding any contrary provision or stipulation in this Plea Agreement:

i.     to advocate if, and how, any particular adjustment or specific offense characteristic affects the applicable Sentencing Guidelines range;

ii.     to recommend a specific sentence of imprisonment within or above the applicable Sentencing Guidelines range determined by the Court.

11.     **Limitations on Agreement.** This Agreement is limited to the U.S. Attorney's Office for the Northern District of New York and cannot bind other federal, state or local prosecuting authorities. Furthermore, this Agreement does not prohibit the United States, any agency thereof, or any third party from initiating or prosecuting any civil or administrative proceedings directly or indirectly involving the Defendant. The U.S. Attorney's Office agrees that, if requested, it will advise any governmental agency of the fact, manner, value and extent of the cooperation the

9

Defendant provides pursuant to this Agreement as a matter for that agency to consider before deciding what administrative action, if any, to take.

12. **Agreement Not Binding on the Court.** The Court is neither a party to, nor bound by, this Agreement. The Court may accept or reject this Plea Agreement or defer a decision until it has considered the Presentence Investigation Report prepared by the U.S. Probation Office.

a. If the Court rejects the provisions of this Agreement permitting the Defendant to plead guilty to Count 1 of the Information in satisfaction of other charges, which provisions were negotiated pursuant to Fed. R. Crim. P. 11(c)(1)(A), the Court will afford the Defendant an opportunity to withdraw his plea of guilty prior to sentencing, pursuant to Fed. R. Crim. P. 11(c)(5) & (d).

b. The Court is not bound by any recommendation, stipulation, or request made by the parties, pursuant to Fed. R. Crim. P. 11(c)(1)(B), as to the appropriate sentence, and the Defendant may not withdraw his plea of guilty if the Court declines to follow any such recommendation, stipulation, or request. The U.S. Attorney's Office reserves the right to support and defend, in connection with any post-sentencing proceedings, any decision the Court may make with regard to the Defendant's sentence, whether or not such decision is consistent with this Office's recommendations, stipulations, or requests.

13. **Waiver of Defendant's Rights.** The Defendant acknowledges that he has read each of the provisions of the entire Plea Agreement with the assistance of counsel and understands its provisions. The Defendant further acknowledges that his plea is voluntary and did not result from any force, threat, or promises (other than the promises in this Plea Agreement).

      a.      The Defendant understands his right to assistance of counsel at every stage of the proceeding and has discussed his constitutional and other rights with defense counsel. The Defendant understands that by entering a plea of guilty, he will be giving up his rights (i) to be presumed innocent until proven guilty beyond a reasonable doubt; (ii) to plead not guilty; (iii) to trial by jury; (iv) to confront, cross-examine, and compel the attendance of witnesses at trial; (v) to present evidence in his defense; and (vi) to remain silent and refuse to be a witness against himself by asserting the privilege against self-incrimination.

      b.      The Defendant has been advised by defense counsel of the nature of the charges to which he is entering a guilty plea and the nature and range of the possible sentence. The Defendant understands the sentencing Court's obligation to consider the United States Sentencing Guidelines (as explained further in paragraph 3 above) and the Court's discretion to depart from those Guidelines under some circumstances or otherwise to impose a reasonable sentence outside of the applicable Sentencing Guidelines range.

      14.      **Waiver of Appeal and Collateral Attack.** The Defendant acknowledges that, after consultation with defense counsel, he fully understands the extent of his rights to appeal, and/or to collaterally attack the conviction and sentence in this case. The Defendant waives any and all rights, including those conferred by 18 U.S.C. § 3742 and/or 28 U.S.C. § 2255, to appeal or collaterally attack his conviction and any sentence of imprisonment of 24 months or less, including any related issues with respect to the establishment of the advisory Sentencing Guidelines range or the reasonableness of the sentence imposed. The Defendant acknowledges that the number of months specified above is not a promise of any particular sentence and is not binding on the Court. The Defendant agrees that, should the sentence imposed exceed 24 months, this would not permit him

to withdraw his guilty plea or to appeal or collaterally attack his conviction, but would merely allow the Defendant to appeal or collaterally attack the sentence imposed by the Court, to the extent permitted by 18 U.S.C. § 3742 and/or 28 U.S.C. § 2255.

15.    **Memorialization of Agreement.**  No promises, agreements or conditions other than those set forth in this Agreement will be effective unless memorialized in writing and signed by all parties or confirmed on the record before the Court.  This Agreement, to become effective, must be signed by all of the parties listed below.

RICHARD S. HARTUNIAN
United States Attorney
Northern District of New York

Dated: March    , 2012                    By:

Richard R. Southwick
Assistant U.S. Attorney
Bar Roll No. 506265

Dated: March    , 2012

SALVADOR HERNANDEZ
Defendant

Dated: March    , 2012

George F. Hildebrandt, Esq.
Attorney for Defendant
Bar Roll No. 525664

12